RECEIVED
OCT 24 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| RONALD XAVIER COLLINS | CRIMINAL NO. 99-20029-01<br>CIVIL ACTION NO. 05-0835 |
| VS. | JUDGE MELANÇON |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO §2255
*(Rec. Doc. 69)*

On May 16, 2005, *pro se* petitioner Ronald Xavier Collins filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. §2255.[1] The United States filed an answer and memorandum.[2] For the following reasons, **IT IS RECOMMENDED** that Collins's motion be **DENIED AND DISMISSED WITH PREJUDICE**.

*Factual and Procedural Background*

On March 11, 1999, Collins was charged in a sixteen-count indictment with eight counts of false statements in the acquisition of a firearm and eight counts of possession of a firearm by a convicted felon.[3] On May 6, 1999, Collins pled guilty to Count 2 of the indictment, which charged him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§922(g)(1) and 924(e). The remaining counts were dismissed.[4] At the guilty plea hearing, the government filed an "Information of Prior Conviction," which stated that Collins had been

---

[1] Rec. Doc. 69.

[2] Rec. Doc. 71.

[3] For a complete description of all counts, see copy of Indictment, Rec. Doc. 1.

[4] Rec. Docs. 20-24.

convicted of the following crimes in California from 1979 through 1990: (1) possession of phencyclidine (November 5, 1979); (2) second degree burglary (June 5, 1980); (3) voluntary manslaughter and assault with a deadly weapon (November 25, 1985); and (4) second degree robbery (June 28, 1990).

On August 5, 1999, the late district judge John M. Shaw sentenced Collins to 180 months' imprisonment to be followed by 60 months of supervised release.[5]

On July 1, 2002, the Fifth Circuit vacated this court's denial of a previous §2255 motion (Civil Action No. 00-1786-LC) and remanded the case for the district court to consider whether Collins had shown good cause or excusable neglect allowing him to file an out-of-time appeal. On remand, this court found in favor of Collins and allowed him to file a notice of appeal as of July 8, 2002.[6]

On February 17, 2004, the Fifth Circuit affirmed Collins's conviction and sentence. The court found that even if two of Collins's prior convictions should not have been used to enhance his 15-year sentence under 18 U.S.C. §924(e), Collins had three other prior convictions for violent felonies which were sufficient to support the enhancement. With respect to Collins's argument that his counsel was ineffective in not objecting to the enhancement of his sentence, the court noted that Collins had failed to raise this issue in the district court, and therefore the appellate court could not fairly evaluate the merits of this claim.[7]

---

[5] Rec. Doc. 26.

[6] Rec. Doc. 53.

[7] Rec. Doc. 67.

## *Issues Presented*

Collins raises one ground for relief, that his sentence is illegal under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) and Shepard v. United States, 125 S.Ct. 1254, 1257 (2005), because the issue of whether his prior convictions qualified as "violent felonies" for the purpose of 18 U.S.C. §924(e) should have been submitted to the jury rather than the sentencing judge alone.

## *Scope of §2255 Review*

The scope of relief afforded under §2255 is extremely narrow. It is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992); United States v. Acklen, 47 F.3d 739, 741 (5th Cir.1995). "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless post-conviction collateral attacks." United States v. Shaid, 937 F.2d 228, 231-232 (5th Cir.1991), *cert. denied,* 112 S.Ct. 978 (1992).

Section 2255 provides four grounds for relief:

1. that the sentence violates the Constitution or other federal law;
2. that the court lacked jurisdiction;
3. that the sentence exceeded the maximum allowed by law; or
4. that the sentence is otherwise "subject to collateral attack."

## *Law and Analysis*

1. **Improper Enhancement of Sentence under *Apprendi* and *Shepard***

Collins contends that the district court improperly enhanced his sentence based on facts that should have been either submitted to a jury, found to exist beyond a reasonable doubt, or

admitted by him in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) and Shepard v. United States, 125 S.Ct. 1254, 1257 (2005). The specific facts to which Collins refers are the prior convictions used to enhance his sentence under 18 U.S.C. §924(e). Collins argues that he pled guilty to being a felon in possession of a firearm, which exposed him to a maximum sentence of 10 years under §924(a)(2). Collins argues, however, that he was sentenced under §924(e)(1),[8] which provides a minimum 15-year sentence if the defendant is

---

[8] Section 924(e) states:

> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
> (2) As used in this subsection--
>> (A) the term "serious drug offense" means--
>>> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.), for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>>> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
>> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

18 U.S.C.A. §924(e).

found to have three previous convictions for a violent felony. Collins argues that he did not admit – nor did a jury find – that his prior state convictions qualify as violent felonies or serious drug offenses under §924(e)(1), and that the court's finding that they did violated his Sixth Amendment right to trial by jury.

### A. *Apprendi*

In Apprendi, the Supreme Court held that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, *other than the fact of a prior conviction*, must be submitted to the jury and proved beyond a reasonable doubt. 120 S.Ct. at 2362-63, cited in United States v. Meshack, 225 F.3d 556, 575 (5th Cir. 2000). Here, the "facts" that Collins complains about are prior convictions. Therefore, under the rule of Apprendi, it was not necessary for the government to submit to the jury the facts of Collins's prior convictions. See, e.g., United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002) (the Apprendi court explicitly excepted enhancements like that provided by Section 924(e), which are based upon prior convictions).

Furthermore, the Fifth Circuit, as well as every other circuit that has considered the issue, has expressly held that the Fifth and Sixth Amendments do not require that a Section 924(e) enhancement be based on a jury finding. United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002), citing United States v. Affleck, 861 F.2d 97, 98-99 (5th Cir. 1988) (court held that "because [Section] 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision," neither the statute nor the Constitution requires a jury finding on the

existence of the three previous felony convictions required for the enhancement). See also United States v. Santiago, 268 F.3d 151, 154-57 (2nd Cir. 2001); United States v. Sterling, 283 F.3d 216, 219-20 (4th Cir. 2002); United States v. Skidmore, 254 F.3d 635, 642 (7th Cir. 2001); United States v. Abernathy, 277 F.3d 1048, 1049-50 (8th Cir. 2002); United States v. Summers, 268 F.3d 683, 688-89 & n. 3 (9th Cir. 2001), cert. denied, 534 U.S. 1166, 122 S.Ct. 1182, 152 L.Ed.2d 124 (2002); United States v. Dorris, 236 F.3d 582, 586-88 (10th Cir.), cert. denied, 532 U.S. 986, 121 S.Ct. 1635, 149 L.Ed.2d 495 (2001); United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir.), cert. denied, 533 U.S. 960, 121 S.Ct. 2616, 150 L.Ed.2d 770 (2001).

Considering the foregoing, the undersigned concludes that Collins is not entitled to relief under Apprendi.

**B.** *Shepard*

Collins also seeks relief under the Supreme Court's decision in Shepard. In Shepard, a defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §924(g)(1). The defendant objected to having his sentence increased from the 37-month maximum under the statute for a firearm offense to a 15-year minimum for violating the Armed Career Criminal Act ("ACCA"), which is triggered when an offender convicted under §924(g)(1) has three previous convictions for "violent felonies." 125 S.Ct. at 1257. The government argued that the court was not limited to using the indictment alone in enhancing the sentence, but was allowed to look to police reports and complaint applications to determine whether the prior convictions qualified as "violent felonies" under the ACCA. Id. at 1260. The First Circuit Court of Appeals agreed, finding that because the defendant did not seriously challenge the accuracy of the facts contained in the reports, they were "sufficiently reliable" to assess whether the prior

convictions qualified as "violent felonies." Id. at 1258. The Supreme Court reversed, concluding that in determining whether a previous conviction qualifies as a "violent felony" so as to trigger an enhancement, a court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, *and any explicit factual finding by the trial judge to which the defendant assented.*" Id. at 1257 (emphasis added).

The Fifth Circuit has not specifically addressed the issue, however, district courts in this circuit and other circuits have held that Shepard cannot be applied retroactively to cases on collateral review. See, e.g., Caballero-Banda v. U.S., 2005 WL 2240226, *5 (W.D.Tex. September 13, 2005) (Shepard, like United States v. Booker, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is not retroactive to judgments that were final before the date of that opinion's release on March 7, 2005); McCleskey v. U.S., 2005 WL 1958407, *6 (W.D.Tex. August 15, 2005) (same); Olivas-Gutierrez v. U.S., 2005 WL 1241871, *4 (W.D.Tex. May 19, 2005) (Shepard does not apply retroactively to judgments that became final before that opinion's release on March 7, 2005, therefore petitioners whose judgments became final before March 7, 2005 may not claim relief pursuant to Shepard); Langley v. United States, 2005 WL 1114710, *1 (M.D.N.C. May 5, 2005); Morales v. United States, 2005 WL 807051, *7 (D. Minn. April 7, 2005). Because Collins's conviction became final before March 7, 2005, Shephard is not retroactively applicable to his case.

Second, even if the court were to apply Shepard to the facts of this case, Collins would not be entitled to relief. The record shows that, prior to Collins's sentencing in this case, the government filed an Information of Prior Convictions, which lists Collins's convictions for possession of phencyclidine (November 5, 1979); second degree burglary (June 5, 1980);

voluntary manslaughter and assault with a deadly weapon (November 25, 1985); and second degree robbery (June 28, 1990). All four of these prior convictions are either violent felonies or a serious drug offense as defined by §924(e). Indeed, in its opinion affirming Collins's conviction, the Fifth Circuit stated the following:

> Assuming arguendo that Collins's 1979 drug possession conviction and his 1980 second-degree burglary conviction should not have been used as a basis for the enhancement under 18 U.S.C. § 924(e), *there was no plain error as Collins had three other prior convictions for violent felonies that were sufficient to support the enhancement under 18 U.S.C. § 924(e), including second-degree robbery, voluntary manslaughter, and assault with a deadly weapon. Collins does not dispute that these three prior convictions fall with the meaning of the term "violent felonies" under 18 U.S.C. § 924(e)(2)(B)(ii).*

United States v. Collins, 88 Fed.Appx. 42, 43 (5th Cir. 2004) (emphasis added).

Furthermore, the record shows that, at the sentencing hearing, the defendant *admitted* the prior convictions, to wit:

THE COURT : Prior to sentencing this afternoon, this court will hold a hearing on the applicability of the Armed Career Criminal Act, 18 U.S.C. Section 924(e). The United States Attorney filed a sentencing enhancement information listing four prior violent felony convictions of the defendant and now seeks an enhancement of the defendant's sentence to a minimum mandatory sentence of 15 years to life imprisonment. Is the government prepared to present its evidence?

ASSISTANT U.S. ATTORNEY JOE MICKEL:
Yes, Your Honor.

THE COURT: Does the defendant affirm or deny the prior convictions?

ASSISTANT FEDERAL PUBLIC DEFENDER WAYNE BLANCHARD:
Your Honor, he admits these convictions. We did not object to any of them as they were reflected in the presentence investigation [report.] I again went over them with him directly before court. Again, he does not deny that this is him that was convicted of any of these matters. I do see discrepancies on the dates of the conviction, but not on the docket numbers or anything of that nature; and

again, I reviewed them with him. And he admits that that's him . . .[9]

Thus, in the instant case, the colloquy at the sentencing hearing shows that Collins expressly assented to the finding of the trial court that he had committed the prior felonies in question. Thus, the court did not violate Shepard when it enhanced Collins's sentence based upon the prior convictions.

Considering the foregoing, the undersigned concludes that Collins is not entitled to relief under Shepard.

## 2.  *Almendarez-Torres* **not overruled by** *Shepard*

Finally, to the extent that Collins is arguing that Shepard invalidates the Supreme Court's holding in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998), such argument is without merit.

In Almendarez-Torres, the Court was faced with the issue of whether Subsection (b)(2) of 8 U.S.C. §1326, which defines the crime of illegal re-entry of a deported alien, defines a separate crime or simply authorizes an enhanced penalty. Subsection (b)(2) authorizes a prison term of up to, but no more than, 20 years for "any alien described" in subsection (a), if the initial "deportation was subsequent to a conviction for commission of an aggravated felony." The Court held that Subsection (b)(2) simply authorizes an enhanced penalty provision and allows a court to increase the sentence for a recidivist. Consequently, the Court held that neither the statute nor the Constitution requires that the government charge the factor that it mentions, an earlier conviction, in the indictment. Almendarez-Torres, 523 U.S. at 226-27.

---

[9] See Official Transcript of Sentencing Hearing, dated August 5, 1999.

Collins appears to argue that Almendarez-Torres was invalidated by the Court's subsequent decision in Shepard by arguing that the *factual nature* of the prior conviction, as opposed to the existence of a prior conviction, should be determined by a jury or admitted by the defendant. However, the Fifth Circuit has held that neither the Apprendi decision nor the Shepard decision overruled Almendarez-Torres. See, e.g., United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002) (Fifth Circuit noted that Apprendi expressly declined to overrule Almendarez-Torres); United States v. Diaz-Rendon, 2005 WL 1475841 (5th Cir. June 22, 2005) (Shepard did not overrule Almendarez-Torres); United States v. Farkas, 2005 WL 1324303 (5th Cir. June 3, 2005) (same); United States v. Rosas-Diaz, 2005 WL 1482609 (5th Cir. June 22, 2005) (same). The foregoing holdings, along with the well-settled Fifth Circuit caselaw stating that Section 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision, see, e.g., United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002), citing United States v. Affleck, 861 F.2d 97, 98-99 (5th Cir. 1988), persuades the undersigned that Collins is not entitled to relief under Almendarez-Torres.

### *Conclusion*

For the foregoing reasons, the undersigned recommends that Collins's §2255 motion be **DENIED AND DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on October ___, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT
DATE 10-24-05
BY Ua
TO mem
TLM | PJ